UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

SOPHIA ELLIOTT, ET AL.,

                Plaintiffs,              11 Civ. 7291

   -against-                              OPINION

CITY OF NEW YORK, ET AL.,

                Defendants.

------------------------------------X

A P P E A R A N C E S:

       Attorney for Plaintiffs

       LAW OFFICE OF DAVID A. ZELMAN
       225 Broadway, 38th Floor
       New York, NY  10007
       By:  David A. Zelman, Esq.


       Attorneys for Defendants

       NEW YORK CITY LAW DEPARTMENT
       100 Church Street, 3rd Floor
       New York, NY  10007
       By:  Andrew Patrick Wenzel, Esq.

**Sweet, D.J.**

Plaintiff Sophia Elliott ("Elliott") and her infant son ("I.E." and, collectively with Elliott, the "Plaintiffs") have moved the Court to enforce settlement terms reached by the parties at a June 13, 2012 mediation session and to award attorney's fees. The City of New York, along with its co-defendants (collectively, the "Defendants"), oppose Plaintiffs' motion. On the facts and conclusions set forth below, Plaintiffs' motion to enforce the settlement is granted, and this matter is referred to mediation to determine the appropriate extent to which Plaintiffs will release Defendants from other claims. Plaintiffs' motion for attorney's fees is denied.

**Prior Proceedings**

On October 17, 2011, Plaintiffs filed their complaint against Defendants, seeking damages to redress the alleged deprivation, under color of state law, of rights secured under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. Plaintiffs' complaint alleged that, on or about June 6, 2011, I.E. was

1

falsely arrested and illegally searched.  In April 2012, this action was selected for participation in the Southern District of New York's mediation program, and a mediator was assigned. A mediation session was held on June 13, 2012.  According to Defendants, neither of the Plaintiffs attended the mediation session.  At the session, counsel for the parties agreed to settle this matter for an agreed upon sum payable to each of the Plaintiffs.  Defendants' counsel prepared a stipulation of settlement and order of dismissal and requested that each of the documents be executed and returned.

On July 21, 2012, Plaintiffs' counsel informed the Court of a dispute regarding the settlement terms Defendants submitted to Plaintiffs.  In order to effectuate the settlement, Defendants requested that Plaintiffs waive any and all causes of action they have against the City of New York since the "beginning of the world."  Plaintiffs object to this language because Elliott is a City of New York employee and, although Elliott states she is unaware of any specific claim she seeks to bring against the City of New York, Elliott is uncomfortable waiving her rights.  The Court treated the July 21 letter as a motion, and the motion was marked fully submitted on August 15.

**The Applicable Standard**

"Settlement agreements are contracts and must therefore be construed according to general principles of contract law." Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999); accord Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002). "To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent and intent to be bound." Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004). Under New York law, to recover for breach of contract, a plaintiff bears the burden of proving, inter alia, the existence of a contract by a preponderance of the evidence. Pisani v. Westchester County Health Care Corp., 424 F. Supp. 2d 710, 719 (S.D.N.Y. 2006).

"[O]nce reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing." MacDonald v. Dragone Classic Motor Cars, No. 395CV499(JBA),

3

2003 WL 22056626, at *6 (D. Conn. Apr. 29, 2003). "[A] district court has the power to enforce summarily, on motion, a settlement agreement reached in a case pending before it." Id. (quoting Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974)).

**Plaintiffs' Motion To Enforce The Settlement Terms Is Denied**

Plaintiffs contend that where there has been an offer and acceptance, a settlement agreement should be enforced. See Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC, No. 04 Civ. 1621(KMW), 2005 WL 1377853, at *5 (S.D.N.Y. June 9, 2005) ("[A] preliminary agreement is binding, despite the desire for a later formal document, when the parties have reached complete agreement (including the agreement to be bound) on all the issues perceived to require negotiation. Such an agreement is preliminary only in form— only in the sense that the parties desire a more elaborate formalization of the agreement. The second stage is not necessary; it is merely considered desirable.") (internal citations and quotation marks omitted). According to Plaintiffs, there was a written settlement agreement at the

4

mediation. Although Plaintiffs' counsel is attempting to locate the actual document, counsel has presented email correspondence between himself and the mediator discussing the signed instrument. In this correspondence, the mediator states that the document the parties signed is a form that simply states, "FOLLOWING MEDIATION THE PARTIES HAVE REACHED A SETTLEMENT AGREEMENT AND WILL FILE THE APPROPRIATE PAPERS[.]" A blank copy of this form was attached to the mediator's email and was included in Plaintiffs' submissions to this Court. Plaintiffs have also presented to the Court an email from Defendants' counsel in which Defendants' counsel states, "This is to confirm our agreement," and then lists both Plaintiffs' names and the sum of money each Plaintiff is to receive. Defense counsel's email contains no other terms of the settlement. According to Plaintiffs, because there is offer and acceptance, the settlement terms should be enforced.

Defendants contend that this matter is not ripe for judicial intervention because the precise terms of the agreement have not been fully finalized and executed in writing, and therefore there is no settlement agreement between the parties. See, e.g., Rappaport v. Buske, No. 98 Civ. 5255(BSJ), 2000 WL 1224828, at *7 (S.D.N.Y. Aug. 29,

2000) ("Agreement on terms does not become binding until there is agreement on all terms as to which agreement was anticipated."). Defendants assert that, in this case, both parties anticipated that any settlement agreement would be fully memorialized in writing. See Powell v. Omnicom, 497 F.3d 124, 129 (2d Cir. 2007) ("Parties who do not intend to be bound until the [settlement] agreement is reduced to a signed writing are not bound until that time."). Citing cases from the Eastern District of New York as well as this District, Defendants contend that, because the parties intended to memorialize the terms of the settlement, there is no agreement that can be enforced. See, e.g., Edwards v. City of New York, No. 08-CV-2199(FB)(JO), 2009 WL 2865823, at *6 (E.D.N.Y. May 22, 2009) (refusing to enforce oral settlement agreement between counsel because, inter alia, correspondence relating to the oral settlement expressly described the need for documents to be executed before the settlement took effect); Vesterhalt v. City of New York, 667 F. Supp. 2d 292, 302-03 (S.D.N.Y. 2009) (refusing to enforce settlement where counsel for parties came to verbal settlement agreement and plaintiff signed the settlement paperwork, but plaintiff changed his mind before plaintiff's counsel returned the executed document to defendants).

6

According to Defendants, the disputed language in the written settlement agreement is standard language the City of New York employs when settling cases. Defendants note that Plaintiffs' counsel frequently represents litigants who assert civil rights claims against the City of New York, and Defendants' have identified two settlement agreements that Plaintiffs' counsel has signed within the past three months that include the disputed language. According to Plaintiffs, the "beginning of the world language" is a relatively recent addition to the standard settlement documents used by the City of New York.

As noted above, the Second Circuit applies contract law in determining the enforceability of settlement agreements, and Plaintiffs bear the burden of establishing the existence of an agreement. Plaintiffs in this case have carried that burden, producing an email from Defendants' counsel confirming the agreement as well as a document signed by counsel for both parties establishing that "THE PARTIES HAVE REACHED A SETTLEMENT AGREEMENT." Although the signed document does mention that the parties will "FILE THE APPROPRIATE PAPERS" and Defendants contend that the parties

7

intended to reduce the terms to writing, Defendants have presented no evidence establishing that a written contract was a prerequisite to a binding agreement.  See <u>Hostcentric Techs.</u>, 2005 WL 1377853, at *5 ("[A] preliminary agreement is binding, despite the desire for a later formal document . . .").  The parties are referred to mediation to determine the extent to which Plaintiffs will release Defendants from other claims.  Plaintiffs' request for attorney's fees is denied.

**Conclusion**

For the reasons set forth above, Plaintiffs' motion to enforce the settlement is granted, and this matter is referred to mediation to determine the appropriate extent to which Plaintiffs will release Defendants from other claims.

It is so ordered.

**New York, NY**
**August 31, 2012**

_____
**ROBERT W. SWEET**
**U.S.D.J.**