UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

SOPHIA ELLIOT and I.E.,

              Plaintiffs,         11 Civ. 7291

  -against-                          OPINION

CITY OF NEW YORK, et al.,

              Defendants.

------------------------------------------X

A P P E A R A N C E S:

    Attorney for Plaintiffs

    LAW OFFICE OF DAVID A. ZELMAN
    225 Broadway, 38th Floor
    New York, New York 10007
    By:  David A. Zelman, Esq.

    Attorney for Defendants

    NEW YORK CITY LAW DEPARTMENT
    100 Church Street
    New York, New York 10007
    By:  Andrew P. Wenzel, Esq.


USDC SDNY
DOC ...
...
7/10/13

**Sweet, D.J.**

Plaintiffs Sophia Elliot ("Elliot") and I.E., an infant, (collectively, "Plaintiffs") have moved for an order awarding them interest on the settlement amounts that defendants City of New York, Police Officer FNU Figueroa, Police Officer Jane Doe and Police Officer John Doe (collectively, "Defendants") agreed to pay Plaintiffs pursuant to a stipulation of settlement and order of dismissal ("Stipulation of Settlement") filed on September 14, 2012. For the reasons discussed below, Plaintiffs' motion is granted.

**Prior Proceedings**

Plaintiffs filed a complaint in October 2011 alleging federal and state law claims arising from an incident in which Plaintiffs allege they were falsely arrested.

The parties engaged in mediation, and eventually agreed to resolve the claims of both Plaintiffs. The Defendants agreed to pay a settlement to I.E. in the amount of $5,000, and a settlement to Elliot in the amount of $9,000 (collectively, the "Settlement Amounts") in full satisfaction of all of Plaintiffs' claims, including costs and attorneys' fees. A

1

stipulation of settlement and order of dismissal (the "Settlement Agreement"), reflecting the terms agreed-upon by the parties, was executed by all parties and filed by the Court on September 14, 2012.

On December 18, 2012, counsel for the Plaintiffs submitted a letter to the Court stating that as of that date, neither of the Plaintiffs had received their settlements, and requesting that the Court add interest to the Settlement Amounts. The Court elected to treat the December 18, 2012 letter as a motion.

Subsequently both plaintiffs received their settlements; Elliot received her settlement check for $9,000 on December 26, 2012, and I.E. received his settlement check for $5,000 on January 17, 2013.

Plaintiffs' motion for an award of interest was heard and marked fully submitted on January 30, 2013.

## C.P.L.R. § 5003-a Applies to The Settlement Agreement

C.P.L.R. § 5003-a(b) ("§5003-a") provides that "a municipality settling an action for damages must pay all sums due within ninety days after the settling plaintiff tenders a duly executed release and a stipulation discontinuing the action." Brown v. City of New York, No. 09 Civ. 1809 (RJD) (MDG), 2012 WL 628496, at *2 (E.D.N.Y. Jan. 30, 2012).

The Second Circuit has not yet ruled on the applicability of §5003-a to a settlement of federal claims, such as the Settlement Agreement at issue here. While there have been two opinions from Courts in this District declining to apply §5003-a to settlements of federal claims, in both instances the decision not to apply §5003-a was based upon a failure by the moving party to explain the rationale justifying application of that statute. See Nicaj v. City of New York, No. 07 Civ. 2382 (LBS), 2009 WL 513941, at *1 (S.D.N.Y. Feb. 26, 2009); Green v. City of New York, No. 97 Civ. 8191 (JSR) (KNF), 2000 U.S. Dist. LEXIS 11691 (S.D.N.Y. Aug. 16, 2000), adopted 97 Civ. 8191, Dkt. No. 48 (S.D.N.Y. Sept. 15, 2000), at *4 n. 1. In contrast, the plaintiffs here have advanced a substantive argument for application of §5003-a, echoing the rationale set

3

forth in Brown v. City of New York, No. 09 Civ. 1809 (RJD) (MDG), 2012 WL 628496 (E.D.N.Y. Jan. 30, 2012).

In Brown, the court noted that although the Second Circuit "has not definitively ruled on whether, and to what extent, state-law principles apply to a federal court's interpretation of settlement agreements resolving federal claims . . . a number of district court cases examining this question have concluded that disputes over federal settlements, even those that resolve federal claims, are 'quintessentially . . . of contractual interpretation and performance and wholly governed by state law.'" Id. at *2 (quoting Bryant v. Emigrant Mortg. Co., Inc., No. 10 Civ. 0102 (RJD), 2011 WL 3876978, at *6 (E.D.N.Y. Aug. 31, 2011)) (collecting cases).[1] Brown further noted that this position is in accord with the Supreme Court's opinion in Kokkenen v. Guardian Life Ins. Co., 511 U.S. 375 (1994), holding that an action seeking to enforce a settlement agreement that had been so-ordered by a federal court is, in essence, "a claim for breach of contract, part of the consideration for which was dismissal of an earlier federal

---

[1] Even Nicaj, which as mentioned above declined to apply §5003-a due to the absence of an argued basis upon which to do so, recognized that "general principles of contract law govern . . . interpretation of a settlement agreement." 2009 WL 513941, at *1.

4

suit," id. at 381, and that absent an agreement by the parties to the contrary, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Id. at 382. Moreover, Brown noted that "the Second Circuit has suggested that even if federal common law applies to a case, New York law would ultimately govern questions regarding a settlement because 'federal common law . . . generally adopts the relevant state law rule unless there is a significant conflict between the state rule and a federal interest," 2012 WL 628496, at *3, and that it found "no federal interest that is stifled by application of §5003-a." Id.

Given the foregoing, it is evident that "whether state law applies due to the contractual nature of a settlement agreement or whether it is adopted by federal common law, it is clear that New York law governs plaintiffs' motion." Brown, 2012 WL 628496, at *3.

**Plaintiffs Are Entitled To Interest and Attorneys' Fees**

The prompt-payment provision of §5003-a is a default rule, subject to modification only upon the express agreement of the parties to the settlement agreement. See Cunha v. Shapiro, 837 N.Y.S.2d 160, 166 (N.Y. App. Div. 2007); N.Y. C.P.L.R. §

5

5003-a, 2007 Supp. Prac. Commentaries (noting that parties "can provide, for example, that CPLR 5003-a shall not be applicable"). The Settlement Agreement here does not contain any provision waiving application of §5003-a, so the statute's prompt-payment provision applies to the Agreement.

Under §5003-a, the Defendants were required to pay all sums due to Plaintiffs "within ninety days of tender" of the Settlement Agreement, meaning that in this case payment was required to have been made by December 17, 2012.[2]

With respect to calculating when a plaintiff is deemed to have been paid the settlement amount, "New York courts have [] held that payment occurs upon mailing, not receipt, of the settlement proceedings." Brown, 2012 WL 628496, at *5. The parties' submissions state that plaintiff Elliot received her settlement check on December 26, 2012, and plaintiff I.E. received his settlement check on January 17, 2013, but do not

---

[2] Because plaintiff I.E. is an infant, the Court was required to approve the terms of the settlement, e.g., Sanchez v. MTV Networks, No. 10. Civ. 7854 (TPG), 2012 WL 2094047, at *1 (S.D.N.Y. June 11, 2012), and thus the "tender" of the settlement agreement for §5003-a purposes occurred on the date that the fully executed and so-ordered Agreement was filed and appeared on the case docket, which was on September 17, 2012. The first weekday after the ninetieth day following that date is December 17, 2012.

6

clarify whether those checks were received by hand or by mail, so the latter will be assumed. Accordingly, Defendants are deemed to have made payment three business days prior to the dates upon which Elliot and I.E. received their settlement checks, i.e., on December 20, 2012 and January 14, 2013, respectively.

Since Defendants failed to make payment to Plaintiffs within the 90 days allotted by §5003-a, Plaintiffs are entitled to "judgment . . . for the amount set forth in the release . . . and interest on the amount set forth in the [Settlement Agreement] from the date that the [Settlement Agreement] was tendered." C.P.L.R. § 5003-a(e). Applying the statutory interest rate of 9% mandated by New York law, see N.Y. C.P.L.R. § 5004, the interest due to plaintiff Elliot is $208.60, and the interest due to plaintiff I.E. is $146.71.

7

## Conclusion

For the reasons set forth above, Plaintiffs' motion is granted.

Submit judgment on notice.

It is so ordered.

New York, NY
July 7, 2013

_____
ROBERT W. SWEET
U.S.D.J.